UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SYLVESTER GAVIN,**

    **Plaintiff,**

                                    **Case No. 08-11763**

v.

                              **HONORABLE DENISE PAGE HOOD**

**SANDRA ABOOD,** *et al.***,**

    **Defendants.**
_____/

**ORDER REGARDING REPORT AND RECOMMENDATION**

**I.**    **INTRODUCTION**

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation, dated August 26, 2009. On September 9, 2009, Plaintiff filed a Motion for Extension of Time to file objections to the Magistrate Judge's Report and Recommendation.[1] This Court granted Plaintiff's request for an extension of time on September 11, 2009. The Court ordered that Plaintiff file his objections no later than September 24, 2009. As of the date of this Order, Plaintiff has failed to file any objections to the Magistrate Judge's Report and Recommendation. Additionally, Defendants timely filed objections to the Magistrate Judge's Report and Recommendation on September 10, 2009.

---

[1] In order to preserve the right to appeal a Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within ten days, as provided in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard* v. *Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States* v. *Walters*, 638 F.2d 947 (6th Cir. 1981).

## II.     STANDARD OF REVIEW

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636.  This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which [an] objection is made." 28 U.S.C. § 636(b)(1)(C).  *De novo* review requires a review of the evidence before the Magistrate Judge.  *See Cameron v. Birkett*, 348 F. Supp. 2d 825, 829 (E.D. Mich. 2004). "The Court may supplement the record by entertaining additional evidence, but it is not required to do so."  *Id*. at 829-30.  This Court "may accept, reject or modify, in whole or in part the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

## III.     ANALYSIS

Magistrate Judge Komives recommended that Defendants' Motion for Summary Judgment be granted as to Plaintiffs' Eighth and Fourteenth Amendment claims, but denied as to Plaintiff's First Amendment retaliation claim against Defendant Cheryl Bradshaw.  Plaintiff's First Amendment claim arises out of grievances he submitted regarding two notices of package/mail rejection regarding a $150.00 money order and a $100.00 money order, both intended for Plaintiff. Defendant Sandra Abood determined that the money orders violated prison policy as the funds were from an unidentified source.  Further, pursuant to policy, the funds were deposited into the Prisoner Benefit Fund.  Plaintiff filed the grievances seeking to have the money placed in his prisoner account or sent back to the PO box of 453 Twin Lake, MI.  Defendant Bradshaw asserts that this is the PO Box of an individual previously identified by prison staff as involved in the facilitation of prisoner to prisoner  money exchanges, also a violation of MDOC policy.  Plaintiff contends that as a result

of his grievances, Defendant Bradshaw issued a major misconduct ticket against him for interference with administration rules. The charges were later dismissed.

Defendants object to the Magistrate Judge's recommendation regarding his conclusion as to the causation element of Plaintiff's First Amendment claim. Specifically, the Magistrate Judge rejected as questionable the Defendants' assertion that Defendant "Bradshaw would have written the ticket even if the plaintiff had not written the grievances[,]" and "the misconduct would have been written even in the absence of the grievances and hearings." *See* Rep. and Rec. at 38. The Magistrate Judge concluded that because Defendant Bradshaw failed to explain the temporal disparity between the date the misconduct ticket was prepared (October 24, 2007) and the date of the alleged improper conduct actually occurred (August 14, 2007), Defendants had not demonstrated the absence of a genuine issue of fact. *Id.* The grievances were submitted in between these two dates, one was initiated on August 22, 2007 and the other on September 26, 2007.

In their Objections, Defendants assert that when the Magistrate Judge issued his Report and Recommendation, he did not have all of the facts before him. Specifically, Defendants assert that the reason for the temporal disparity was due to the ongoing nature of the investigation into the money-order scheme in which the plaintiff participated. In support, Defendants include Defendant Bradshaw's September 10, 2009 affidavit. Defendant Bradshaw maintains that she did not write any misconduct tickets until October 2007 for all of the prisoners involved in the August 2007 scheme. Also included with Defendants' Objections, and Defendant Bradshaw's affidavit are misconduct tickets for another prisoner alleged to have participated in the same money-order scheme as Plaintiff. Similar to the facts of Plaintiff's case, tickets for this other prisoner were written in October of 2007 for conduct occurring in August of 2007.

Defendants acknowledge that the documentation provided along with the Objections is new evidence, but argue that Plaintiff will not be prejudiced as he is permitted to respond under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 72(b)(2). The Court is aware of its authority to supplement the record with "additional evidence, but it is not required to do so." *Cameron*, 348 F. Supp. 2d at 829-30. The Court declines to entertain Defendants' new evidence and rejects Defendants' Objections. Even if the Court were to entertain Defendants' additional evidence, the Court concludes that this would not create an absence of a genuine issue of fact on Plaintiff's First Amendment claim. Upon *de novo* review of the record, the Court accepts and adopts the Magistrate Judge's Report and Recommendation as this Court's findings and conclusions of law.

### IV.   CONCLUSION

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Paul J. Komives is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that the Defendants' Motion for Summary Judgment [**Docket No. 16, filed on November 26, 2008**] is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment is GRANTED as to Plaintiff's Eighth and Fourteenth Amendment claims.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment is DENIED as to Plaintiff's First Amendment claim.

IT IS FURTHER ORDERED that this mater is referred back to the Magistrate Judge for further proceedings, and preparation of a joint final pretrial order, to be submitted to the District Judge at the final pre-trial conference.

IT IS SO ORDERED.

                S/Denise Page Hood
                Denise Page Hood
                United States District Judge

Dated:  September 30, 2009

    I hereby certify that a copy of the foregoing document was served upon Sylvester Gavin, Reg. No. 091669, Ionia Maximum Correctional Facility, 1576 W. Bluewater Hwy., Ionia, MI 48846 and counsel of record on September 30, 2009, by electronic and/or ordinary mail.

                S/William F. Lewis
                Case Manager